## STEAMER RIO GRANDE *vs.* RAWSON.

[LIBEL IN ADMIRALTY AGAINST STEAMBOAT.]

1. *Jurisdiction admiralty courts U. S.*—Where the admiralty courts of the United States have jurisdiction over the subject-matter, their jurisdiction is exclusive.

APPEAL from the City Court of Mobile.
Tried before Hon. H. CHMBERLAIN.

IN this case a libel was filed on the 23d July, 1867, as follows: " The libel and complaint of John E. Rawson, against the steamboat called the Rio Grande, of which James N. Williams is or was lately master, her tackle, &c., against all persons intervening for their interest in said steamboat, in cause of contract, civil and marine, for work and labor done, and therefore, the said John E. Rawson doth allege and propound the following: That the said steamboat is now lying in the port of Mobile; that at the

instance of the master and agents, within thirty days last past, and during the time the said boat was navigating the waters of this State, the libellant performed work and labor on board of said steamboat as a mate ; that said work was done and performed within the past six months, and whilst said steamboat was exclusively navigating the waters of the State of Alabama. Libellant further alleges, that said work and labor was done by him at the instance and request of the master and owner of said boat," &c. The libel was duly sworn to. A writ of seizure was thereupon issued, under which, on the 23d of July, 1867, the sheriff took the vessel into his possession, and on the same day R. D. Price, B. A. Weems, and John Highly, intervened and gave the required bond, and said vessel was released from the sheriff's custody. James N. Williams, who was in possession and master of said vessel on the 11th day of August, 1867, filed his answer to said libel, and amongst other things alleged that said court had no jurisdiction of the subject-matter of said libel. The court sustained its jurisdiction, and allowed the claim of libellant, so far as it was sustained by proof. The only question raised by the assignments of error was whether the city court had jurisdiction.

·GEO. N. STEWART, for appellant.
C. F. MOULTON, contra.

BYRD, J.—The libel in this case shows clearly that the admiralty courts of the United States have jurisdiction over the subject-matter, and upon the authority of the cases of the Ad. Hine v. Trevor, and the Mary Taylor, decided by the supreme court of the United States, we must hold that the court below had no jurisdiction of the cause, and consequently the judgment must be reversed and the cause remanded.